UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| GBENGA AKINNOLA,<br><br>    Plaintiff,<br><br>  v.<br><br>HENNEPIN COUNTY, and<br>MAMIE JEGBADAI,<br><br>    Defendants. | Civil No. 14-1269 (DWF/SER)<br><br>**REPORT AND<br>RECOMMENDATION** |

Plaintiff's application to proceed *in forma pauperis*, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1) (Docket No. 2.) has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, the Court recommends that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

For some period of time prior to March 2009, Plaintiff lived with Defendant Mamie Jegbadai.  In May 2009, Jegbadai had a child, and Plaintiff apparently is the father of that child.  When the child was born, Plaintiff was earning $20.00 per hour, and Jegbadai was earning $16.00 per hour.

Plaintiff left Jegbadai in March 2009, and went to school.  He incurred more than $100,000.00 in student loans, as well as more than $10,000.00 in credit card debt.  As a result of Plaintiff's additional education, however, he was able to get a new job, and increase his income to about $34.00 per hour.

In May 2013, Jegbadai and Defendant Hennepin County brought a child support action

against Plaintiff. The state court ordered Plaintiff to pay child support based on his then current income. (Complaint, [Docket No. 1], p. 3, ¶ 12.) According to Plaintiff's complaint –

> Because of the increase in Plaintiff's potential income, the Magistrate pursuant to the Statutes, determined that Plaintiff is responsible for 75 percent of total child support obligation i.e. basic child support, medical cost, and child care cost. Neither the credit card debts nor federal student loans were considered when the Magistrate determined Plaintiff's child support obligation.

(Id.)

Plaintiff now claims that Minnesota's child support statutes violate his constitutional rights to equal protection and due process. The allegedly unconstitutional statutes cited by Plaintiff are Minn.Stat. §§ 256.87, 518A.32, 518A.34, and 518A.35. (Complaint, p. 2, ¶ 11.)

It is unclear why Plaintiff is suing the two Defendants named in his complaint, (Jegbadai and Hennepin County), because he does not appear to be seeking any redress from either of those parties. Instead, the only relief Plaintiff is seeking is a declaratory judgment that would hold Minnesota's child support statutes to be unconstitutional "as applied to him." (Complaint, p. 4, "VI. RELIEF.")[1]

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, if the IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (*per curiam*).

To state an actionable claim for relief, a plaintiff must allege a set of historical facts, which,

---

[1] Plaintiff has wisely refrained from directly challenging any child support order that might have been entered in a prior state court proceeding, because any such challenge would clearly be barred by the *Rooker-Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Industries Corporation*, 544 U.S. 280, 284 (2005) (*Rooker-Feldman* bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting district court review and rejection of those judgments").

2

if proven true, would entitle the plaintiff to some redress under some cognizable legal theory. *See Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

In this case, Plaintiff claims that Minnesota's child support statutes are unconstitutional, because those statutes, as applied to him, allegedly deprive him of his constitutional rights to equal protection and due process. Nevertheless, the allegations in Plaintiff's complaint do not support either of those claims.

To maintain an equal protection claim, a plaintiff must show that he belongs to a group that has been treated less favorably than others who are "similarly situated." *Klinger v. Department of Corrections*, 31 F.3d 727, 731 (8th Cir. 1994), *cert. denied*, 513 U.S. 1185 (1995). In this case, there are no allegations suggesting that Plaintiff belongs to any particular class of citizens that is being treated differently from other citizens; nor are there any allegations suggesting that Plaintiff is somehow being personally singled out and treated differently from other similarly situated individuals. Plaintiff has not alleged any facts showing that Minnesota's child support statutes are inherently discriminatory, or that those statutes are being applied to him in any discriminatory manner.

Plaintiff contends that "[t]he Statutes violate [the] equal protection clause of the 14th Amendment because it [sic] does not protect the Plaintiff's individual sacrifices and hard work to increase his earning potential." (Complaint, p. 3, ¶ 15.) This assertion provides no support for

3

Plaintiff's equal protection claim, because it does not show that he has been, or will be, **treated differently from others who are similarly situated**. Plaintiff believes there is something unjust about Minnesota's child support statutes, and that he is being punished for improving his "earning potential;" but he has alleged no facts showing that those statutes deprive him of "equal protection of the laws." Again, no allegations claim that Plaintiff is treated differently or unequally under the child support statutes. Therefore, Plaintiff has failed to plead an actionable equal protection claim.

In order to maintain a due process claim, a plaintiff must allege (and eventually prove) a set of facts which show that he has been deprived of some constitutionally protected interest in life, liberty or property, without being afforded the procedural protections of due process. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950) (the Due Process Clause "require[s] that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case"); *see also Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) ("'the root requirement' of the Due Process Clause" is "'that an individual be given an opportunity for a hearing before he is deprived of any significant property interest'") (quoting *Boddie v. Connecticut*, 401 U.S. 371, 379 (1971)).

Minnesota's child support statutes can effect the taking of a person's property, by compelling the person to pay for the support of his or her child. Nonetheless, Plaintiff does not allege that Minnesota's child support statutes fail to provide procedural protections – i.e., "notice and opportunity for [a] hearing." *Mullane*, *supra*. Minnesota's child support statutes may authorize the deprivation of property, but there are no allegations showing that the statutes fail to provide notice and a hearing before such a deprivation occurs. Simply put, Plaintiff's complaint does not show that Minnesota's child support statutes cause citizens to be deprived of their property **without notice and**

**a chance to be heard**. Therefore, Plaintiff's complaint fails to state an actionable due process claim. For the reasons discussed above, the Court finds that Plaintiff has failed to plead a set of facts showing that Minnesota's child support statutes deprive him of his right to equal protection or his right to due process. Because Plaintiff has failed to plead an actionable claim for relief, the Court will recommend that his IFP application be denied, and that this case be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii).

### III. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's application for leave to proceed *in forma pauperis*, (Docket No. 2), be **DENIED**; and

2. This action be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).


Dated: May 19, 2014

                                                       S/Steven E. Rau
                                                       STEVEN E. RAU
                                                       United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **June 2, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.